```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


-------------------------------- x
MICHAEL CHARLES LA MESA, SUI     :
JURIS,                           :
         Plaintiff,              :
                                 :
v.                               :
                                 :
BANK OF AMERICA, NATIONAL        :   Civil No. 3:18-cv-302 (AWT)
ASSOCIATION, and WILMINGTON      :
SAVINGS FUND SOCIETY, FSB D/B/A  :
CHRISTIANA TRUST NOT             :
INDIVIDUALLY BUT AS TRUSTEE FOR  :
PRETIUM MORTGAGE ACQUISITION     :
TRUST,                           :
                                 :
         Defendants.             :
-------------------------------- x
```

**ORDER RE MOTION FOR DEFAULT JUDGMENT AGAINST**
<u>**WILMINGTON SAVINGS FUND SOCIETY**</u>

For the reasons set forth below, Plaintiff's M[o]tion for Default Judgment Against Wilmington Savings Fund Society, FSB D/B/A Christiana Trust Not Individually But as Trustee for Pretium Mortgage Acquisition Trust (ECF No. 32) is hereby DENIED. In addition, the court's order granting the plaintiff's motion for default entry (ECF No. 27) is hereby VACATED.

On April 23, 2018, the plaintiff filed a request for entry of default as to defendant Wilmington Savings Fund Society, FSB D/B/A Christiana Trust Not Individually But as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington Savings Fund Society"). The court granted the motion on April 26, 2018 (ECF No. 29). The defendant was directed to file a motion for default judgment by May 26, 2018.

1

On May 4, 2018, the plaintiff filed the instant motion for default judgment as to Wilmington Savings Fund Society. The same day counsel for Wilmington Savings Fund Society filed an appearance. (ECF No. 33). On May 8, 2018, the court issued a calendar for a telephonic status conference to be held on May 22, 2018 (ECF No. 34). During the telephonic status conference on May 22, the court ordered Wilmington Savings Fund Society to file its opposition motion to the plaintiff's motion for default judgment by May 25, 2018. On May 24, 2018, Wilmington Savings Fund Society filed a motion to dismiss the plaintiff's claims (ECF No. 38) and on May 25, 2018 filed an objection to the plaintiff's motion for default judgment (ECF No. 39).

"[S]trong public policy favors resolving disputes on the merits and . . . [a]lthough courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." Pecarsky v. Galaxiworld, 249 F.3d 167, 172 (2d Cir. 2001) (quoting Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)) (internal quotations omitted). "[T]he extreme sanction of a default judgment must remain a weapon of last, rather than first resort." Cody v. Mello, 59 F.3d 13, 17 (2d Cir. 1995) (quoting Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)) (internal quotations omitted).

> When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted. See Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994) (relying on Fed. R. Civ. P. 55(c)); Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983).

Pecarsky, 249 F.3d at 171.

As to the willfulness of the default, a comparison of the circumstances here to the circumstances in the cases discussed in Pecarsky, establishes that this factor weighs in favor relieving Wilmington Savings Fund Society from the default. Here, less than two weeks passed from the date on which the plaintiff filed the motion for entry of default and the filing of an appearance by counsel for Wilmington Savings Fund Society. In Pecarsky, the court reversed the district court's entry of default judgment against the defendant, which had been entered just over one month after plaintiff's counsel had moved for default judgment. As part of its analysis, the court observed:

> In addition, consideration of other cases in which default judgments have been entered illustrates that the district court in this case ordered a default judgment more quickly than usual. See SEC v. McNulty, 137 F.3d 732, 735-36 (2d Cir. 1998) (describing default entered almost one year after the action was commenced and after defendant failed to file an answer despite two extensions of time); State Bank of India v. Chalasani (In re Chalasani), 92 F.3d 1300, 1305 (2d Cir. 1996) (describing default judgment ordered three and one half months after court ordered defendant to produce requested discovery and pay withdrawing counsel's legal fees); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507-08 (2d Cir. 1991) (describing default judgment ordered when defendant admitted that he "deliberately chose not to appear [and] would not appear" for discovery or for trial); Sieck v. Russo, 869 F.2d 131, 133 (2d Cir. 1989) (describing default judgment entered after defendant failed to appear for a deposition for at least three months and ignored two orders to appear).

Pecarsky, 249 F.3d at 172-73. This case is not one where the defaulted party failed to appear or plead despite an extension of time, or can be said to have deliberately chosen not to appear, or ignored orders from the court.

The plaintiff correctly points out that Wilmington Savings Fund Society "has not offered this Court any excuse . . . for its failing to answer or otherwise respond in time required by rule." Pltf.'s Resp. to Def. Wilmington Savings Fund Society's Obj. to Mot. Default J., 2, ECF No. 41. It is apparent that either Wilmington Savings Fund Society or its counsel simply failed to react to the summons and the request for entry of default with an appropriate degree of alacrity. However, even that fact does not establish a degree of willfulness that would justify denying its request for relief, since that fact is present in many cases where default is entered against a defendant. Absent here is any indication of egregious or deliberate conduct. Rather, the plaintiff simply asks the court to use default judgment as a weapon of first, rather than last, resort. Moreover, as discussed below, Wilmington Savings Fund Society has, contrary to the plaintiff's contention, offered the court a meritorious defense.

With respect to the existence of a meritorious defense, 20 days after appearing in this action and two days after the telephonic status conference, Wilmington Savings Fund Society filed a motion to dismiss the plaintiff's claims, and that motion to dismiss evidences the existence of a meritorious defense.

Finally, with respect to the level of prejudice to the plaintiff, the plaintiff highlights only that he has satisfied the procedural requirements for obtaining a default judgment. Thus the plaintiff has not demonstrated the requisite prejudice. See Pecarsky, 249 F.3d at 174 ("[P]laintiffs point out that they proceeded to execute the default judgment, submitted an expert accountant's report, and moved

4

to compel the individual defendants to produce documents. We find the plaintiffs' argument unpersuasive. Attempting to execute a default judgment and to proceed against the individual defendants was the sensible next step for the plaintiffs at the time that the default judgment was entered, but does not establish that they would be prejudiced now by our decision to vacate the default judgment entered by the district court."). Here, the plaintiff has not even taken those steps, because no default judgment has been entered.

Consequently, all of the factors that should be considered here weigh in favor of relieving Wilmington Savings Fund Society from the default entered against it (ECF No. 29).

It is so ordered.

Signed this 17th day of October 2018, at Hartford, Connecticut.

                                                            /s/ AWT
                                           Alvin W. Thompson
                                           United States District Judge